UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**RICKY ANDREW THOMPSON**          CIVIL ACTION NO. 3:14-cv-0102

**VS.**                                               SECTION P

                                                          JUDGE ROBERT G. JAMES

**STATE OF LOUISIANA, ET AL.**    MAGISTRATE JUDGE KAREN L. HAYES

**MEMORANDUM ORDER**

  Pro se plaintiff Ricky Andrew Thompson, a prisoner/detainee in the custody of the Ouachita Correctional Center, filed the instant civil rights complaint on January 21, 2014. Plaintiff sued the State of Louisiana, the Fourth Judicial District Court, the District Attorney for the Fourth Judicial District, the Monroe Police Department, the United States District Court for the Western District of Louisiana, and the City Court of Monroe apparently contesting past arrests, prosecutions, and court cases. [Doc. 1]

  On February 4, 2014, plaintiff submitted an application to proceed *in forma pauperis*. Therein he answered "No" under penalty of perjury to the following question, "Have you on any prior occasion, while incarcerated or detained in any prison, jail, or other facility, brought an action in federal court that was dismissed on the rounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted?" [Doc. 5, p. 7] Based upon that declaration, along with his claim of poverty, the undersigned granted *in forma pauperis* status on February 7, 2014. [Doc. 7]

  The records of this court, along with the records of the United States District Court for the Northern District of Georgia, belie plaintiff's claim. Plaintiff, while incarcerated at the Fulton

County Jail, Atlanta, Georgia filed at least three civil rights complaints that were dismissed for failing to state a claim on which relief may be granted –

    1. *Ricky Andrew Thompson v. K. Baldini et al.,* No. 1:06-cv-01812, dismissed for failing to state a claim pursuant to 28 U.S.C. §1915A(b)(1) on September 5, 2006;

    2. *Ricky Andrew Thompson v. Paul Howard, Jr.*, No. 1:07-cv-0303, dismissed for failing to state a claim pursuant to 28 U.S.C. §1915A(b)(1) on March 21, 2007; and,

    3. *Ricky Andrew Thompson v. Cathlene "Tina" Robinson*, No. 1:07-cv-1239, dismissed for failing to state a claim pursuant to 28 U.S.C. §1915A(b)(1) on June 18, 2007.

In addition, the records of this Court reveal that plaintiff, while a prisoner at the Richwood Correctional Center, filed a civil action that was dismissed with prejudice on September 30, 2010, as frivolous, for failing to state a claim, and for seeking money damages from defendants who were immune from suit. *See Ricky Thompson v. City of Monroe*, No. 3:10-cv-0710.

    Title 28 U.S.C. §1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is aware of this provision since it was invoked to bar him from proceeding *in forma pauperis* in the Northern District of Georgia. *See Ricky Thompson v. Cathlene "Tina" Robinson,* No. 1:07-cv-1838 at Doc. 3, August 24, 2007.

The instant complaint, while difficult to decipher, does not contend that plaintiff is under

2

imminent danger of any physical injury, much less serious physical injury. Further, plaintiff has attempted to perpetrate a fraud upon the Court by submitting a fraudulent accounts statement and, by failing to alert the Court that he has accumulated more than three strikes and is thus ineligible to proceed *in forma pauperis*.

Therefore,

The February 7, 2014 order granting plaintiff *in forma pauperis* status [Doc. 7] is hereby **REVOKED** and **RESCINDED;**

In order for this complaint and its associated motions and pleadings to remain viable, plaintiff must pay the **full filing fee of $400.00 (four hundred dollars) within fourteen (14) days from the date of this order**. **FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN HIS PLEADINGS BEING DISMISSED AND STRICKEN FROM THE RECORD.**

Further, plaintiff is advised: **FUTURE ATTEMPTS TO COMMIT A FRAUD UPON THIS COURT WILL RESULT IN THE IMPOSITION OF ADDITIONAL SANCTIONS.**

Finally, the Clerk of the Court is directed to send a copy of this Order to the Keeper of the Three Strikes List, Tyler, Texas.

**THUS DONE AND SIGNED** in Chambers, in Monroe, Louisiana this 14th day of April, 2014.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**